UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAKOTA BARTON )<br>      Plaintiff, )<br>)<br>v.                                  ) Cause No. 1:22-1971<br>)<br>CAPPER TULLEY & REIMOND )<br>      Defendant. ) | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

Comes now Plaintiff, DAKOTA BARTON, and for his Complaint for Damages against Defendants, CAPPER TULLEY & REIMONDO, and in support of same, states and alleges as follows:

1. This action is authorized and brought pursuant to *15 U.S.C.A. 1692, Title VIII* of the *Consumer Protection Act,* known as the *Fair Debt Collection Practices Act (FDCPA)*, to address a violation of Plaintiff's rights thereof;

2. That at all times relevant, Plaintiff, DAKOTA BARTON, was an adult resident of the state of Indiana;

3. That Defendants, CAPPER TULLEY & REIMONDO, were at all times relevant, an association of attorneys licensed in the state of

Indiana;

4. Plaintiff, DAKOTA BARTON, is a debtor within the meaning of that term as contemplated by the *Fair Debt Collection Practices Act (FDCPA)*;

5. The alleged debt is for a consumer purpose: rent for residence;

6. Defendant attorneys, CAPPER TULLEY & REIMONDO, are third-party debt collectors covered by the *Fair Debt Collection Practices Act (FDCPA)*;

7. That the original creditor, Arrow Property Solutions, filed suit in the Montgomery Superior Court on or about 05/03/2022 for eviction and collection of rent. 54D02-2205-EV-000166;

8. Barton obtained the services of attorney James R. Recker who entered an appearance and obtained a dismissal;

9. On or about 06/29/2022, Defendant, CAPPER TULLEY & REIMONDO filed suit in the Montgomery Superior Court for the same debt allegedly owed to Arrow Property Solutions. 54D02-2206-EV-000238;

10. That Defendants failed to send a notice letter to Barton advising Plaintiff of his rights under the *FDCPA*; including the right to obtain

verification of the alleged debt prior to Defendant pursuing any further collection action in violation of *§1692g(a)* of the *Fair Debt Collection Practices Act (FDCPA;*

11.     That Defendants directly contacted Plaintiff although he was represented by counsel in further violation of the *FDCPA*;

12.     Parties, including counsels of record, appeared for a contested hearing.  Due to defects in the filing of the matter, that cause was also dismissed;

13.     That Defendants, CAPPER TULLEY & REIMONDO, subsequently re-filed the matter on or about 08/05/2022 in the same Montgomery Superior Court on behalf of Arrow for the same alleged debt and although Plaintiff, Barton, was known to be represented, directly contacted Barton in violation of the *FDCPA.* 54D02-2208-EV-000288;

14.     That Defendant again failed to send a notice letter to Plaintiff advising Plaintiff of his rights under the *FDCPA ;* including the right to obtain verification of the alleged debt prior to Defendant pursuing any further collection action in violation of *§1692g(a)* of the *Fair Debt Collection Practices Act (FDCPA).*

15. That Plaintiff, Barton, has been damaged by the unlawful collection practices of Defendant, CAPPER TULLEY & REIMONDO including, but not limited to, specific damages for consulting an attorney, and as such, this Court has Subject Matter Jurisdiction in this matter pursuant to provisions of *15 U.S.C.A. 1692;*

Wherefore, Plaintiff prays the Honorable Court to award damages to Plaintiff as against Defendants, pursuant to applicable provisions of the *FDCPA*, cost of this action, and for all other relief just and proper in the premises.

Respectfully submitted,
/s/James R. Recker
James R. Recker
22233-49
Attorney for Plaintiff, Dakota Barton